UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JORDAN JACKSON,

   Plaintiff,         Case No. 1:25-cv-12307

v.               Hon. Thomas L. Ludington
                United States District Judge
JAMES MALLOY, et al.,

   Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

On July 16, 2025, Plaintiff Jordan Jackson—a prisoner in the custody of the Michigan Department of Corrections (MDOC)—filed a *pro se* Complaint under 42 U.S.C. § 1983. Plaintiff sues Corrections Officer Unknown Watson, Grievance Coordinator Russell Wahtola, Unit Counselor J. Crane, and Warden James Malloy, all employees at the MDOC facility where he was confined. Plaintiff alleges that a sprinkler malfunction in his cell destroyed his personal and legal property. He further claims that after the sprinkler malfunction, Defendant Watson escorted him from his cell wearing only thermal bottoms, causing humiliation, and later threatened him with a misconduct charge after he slipped and injured himself while attempting to speak to another inmate on his way back to his cell.

Because Plaintiff proceeds *in forma pauperis* (IFP), his *pro se* Complaint is subject to screening under the Prisoner Litigation Reform Act. Plaintiff's Complaint does not survive this screening. So Plaintiff's Complaint will be dismissed and, because no appeal can be taken in good faith, his ability to proceed IFP on appeal will be denied.

# I.

According to Plaintiff Jordan Jackson, on August 7, 2024—while confined by the Michigan Department of Corrections (MDOC) in a facility in Jackson, Michigan—a sprinkler malfunctioned in his cell. ECF No. 1 at PageID.3. This malfunction allegedly destroyed all of Plaintiff's personal property, including legal documents. *Id.* Plaintiff claims that the sprinklers had malfunctioned before, and he "submitted multiple Kites to Defendant [J.] Crane," his unit counselor, to fix the problem. *Id.* at PageID.2–3.

Plaintiff alleges that Defendant Watson, a corrections officer, responded to the malfunction. *Id.* at PageID.3. Defendant Watson allegedly directed Plaintiff to step out of his cell and then escorted him from his cell to the shower unit while he was wearing only his "thermal bottoms." *Id.* According to the Plaintiff, this caused him to feel embarrassed and humiliated. *Id.* Plaintiff further alleges that when he was returning to his cell, he attempted to speak with another inmate. *Id.* But in so doing, Plaintiff slipped and fell, injuring his chin, shoulder, and ankle. *Id.* In response to this fall, Defendant Watson allegedly ordered Plaintiff to return to his cell and stop making a scene, or Defendant Watson would issue Plaintiff a misconduct charge for disobeying a direct order. *Id.*

On July 16, 2025, Plaintiff filed a *pro se* civil rights Complaint in the United States District Court for the Western District of Michigan. *See* ECF Nos. 4 (sealed); 1. Plaintiff also applied to proceed *in forma pauperis* (IFP) when he filed his Complaint. *See* ECF No. 2. Plaintiff sues Defendants Crane, Watson, Warden James Malloy, and Grievance Coordinator Russell Wahtola in their individual capacities, seeking monetary relief. ECF No. 1 at PageID.2, 4. Plaintiff does not specify what causes of action he brings. *See id.* at PageID.3. Nor does he explain Defendants Malloy or Wahtola's involvement. *See id.*

Because the underlying events took place in the Eastern District of Michigan, on July 28, 2025, this case was transferred to the Eastern District of Michigan. ECF No. 3. Soon after, Plaintiff's IFP Application was granted. ECF No. 5.

## II.

Because Plaintiff proceeds IFP, Plaintiff's Complaint is subject to Prison Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

Because the Plaintiff does not specify the causes of action he pursues, this Court will assess whether the challenged *conduct* supports a viable claim. Here, the challenged conduct does not, so Plaintiff's Complaint does not survive IFP screening.

### A.

Begin with Plaintiff's allegations that the sprinkler malfunction deprived him of his personal property, including legal documents. ECF No. 1 at PageID.3. To the extent Plaintiff

- 3 -

asserts a due process challenge, the Due Process Clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). Indeed, "injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest." *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994). Here, Plaintiff's allegations suggest that, at most, Defendant Crane was negligent in not fixing the sprinkler system in Plaintiff's cell. But the allegations do not support a claim for an intentional deprivation of property when, as Plaintiff states in his Complaint, the defective sprinkler system destroyed his property. *See* ECF No. 1 at PageID.3.

To the extent that Plaintiff asserts a claim for denial of access to courts because his legal materials were destroyed, that claim fares no better. He does not identify what materials were lost, nor does he explain how their loss impaired any particular litigation. *See id.* A claim for denial of access to the courts requires a showing of actual injury—specifically, prejudice to a nonfrivolous legal claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Where a plaintiff alleges no litigation-related detriment, dismissal is proper. *Pilgrim*, 92 F.3d at 416. Because the plaintiff identifies no concrete harm to any pending or contemplated legal matter, his claim must be dismissed. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 772 (E.D. Mich. 2009).

All in all, the sprinkler malfunction, allegedly destroying his property, does not support a viable civil rights claim.

## B.

Turn to Plaintiff's allegations that he slipped and fell. A prisoner may sustain a claim under 42 U.S.C. § 1983 for unconstitutional conditions of confinement only by showing that prison officials acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S.

825, 828–29 (1994). Mere negligence does not suffice. *See Harrison v. Ash*, 539 F.3d 510, 522 (6th Cir. 2008). In other words, "[n]egligent exposure to a risk is not sufficient to create an Eighth Amendment violation." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 835–36).

Slip-and-fall accidents, while unfortunate, do not give rise to constitutional claims. *See, e.g., Mills v. C.C.A.*, No. 1:10-0015, 2010 WL 5155478, at *4 (M.D. Tenn. Dec. 14, 2010), *R&R adopted*, 2011 WL 13552 (M.D. Tenn. Jan. 4, 2011), *adhered to*, 2011 WL 31443 (M.D. Tenn. Jan. 5, 2011) (collecting cases). Here, Plaintiff's allegation that he slipped on a wet floor, at most, asserts that prison officials were negligent in maintaining safe conditions. Such an allegation, without more, does not rise to the level of deliberate indifference.

And Sixth Circuit and Supreme Court precedent addressing similar claims reinforces this conclusion. In *Daniels v. Williams*, the Supreme Court rejected a nearly identical claim, holding that the Fourteenth Amendment affords no remedy to an inmate who slipped on a pillow negligently left on a stairway by a correctional officer. 474 U.S. at 332. Likewise, the Sixth Circuit has held that a prisoner's claim of injury from slipping on ice alleged negligence at most and therefore failed to state a claim under § 1983. *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001). The same reasoning applies here. At bottom, Plaintiff's claim that he slipped and fell on a wet floor, even if true, alleges nothing more than negligence and thus fails to state a constitutional violation. *See White v. Hamilton Cnty. Jail*, No. 1:08-CV-53, 2011 WL 864855, at *6 (E.D. Tenn. Mar. 10, 2011).

## C.

Now turn to Plaintiff's allegations that Defendant Watson embarrassed and humiliated him by forcing him to leave his cell while clad only in his thermal bottoms in front of other male prisoners. ECF No. 1 at PageID.3. Up front, prisoners retain a limited liberty and privacy interest

in shielding their naked bodies from view, particularly from members of the opposite sex. *See Rose v. Saginaw Cnty.*, 353 F. Supp. 2d 900, 919 (E.D. Mich. 2005). The Sixth Circuit has acknowledged as much in cases involving the *complete* exposure of inmates' bodies. In *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992), for example, the court recognized the facial validity of a Fourth Amendment claim where male inmates were strip-searched outdoors in view of other inmates and female officers following a prison disturbance. Similarly, in *Kent v. Johnson*, 821 F.2d 1220, 1226–28 (6th Cir. 1987), the court held that a policy requiring male prisoners to remain unclothed under continuous surveillance by female officers stated a plausible claim under both the Fourth and Eighth Amendments.

But that principle has limits. To that end, there is a distinction between cases involving full nudity and those in which inmates were partially clothed—such as in underwear or similar garments. In the latter circumstances, courts have declined to find a constitutional violation. *See Johnson v. City of Kalamazoo*, 124 F. Supp. 2d 1099, 1102–04 (W.D. Mich. 2000) (holding that inmates stripped to their underwear and t-shirts for several hours under the supervision of female officers did not suffer a constitutional deprivation); *Williams v. Thomas*, No. 1:16-cv-01330-JDB-CGC, 2019 WL 1905166, at *5 (W.D. Tenn. Apr. 29, 2019) (finding that a male prisoner photographed in his underwear by a female officer failed to satisfy the objective component of an Eighth Amendment claim); *Byam v. Cain*, No. 2:18-cv-1030-SI, 2019 WL 3779508, at *5 (D. Or. Aug. 12, 2019) (finding no constitutional violation where a male inmate was escorted from the showers to his cell while wearing only underwear); *Smith v. Hatton*, No. 17-04030-BLF (PR), 2018 WL 6025608, at *7 (N.D. Cal. Nov. 15, 2018) (concluding that being photographed in boxer shorts was not sufficiently serious to implicate the Eighth Amendment).

Measured against this precedent, Defendant Watson's alleged conduct does not rise to the level of a constitutional violation. Again, Plaintiff alleges only that he was removed from his cell wearing thermal bottoms around other male prisoners in response to a sprinkler malfunction in his cell. ECF No. 1 at PageID.3. Such partial exposure, without accompanying allegations of, say, egregiously prolonged exposure to members of the opposite sex, or punitive, rather than penological reasons for the partial exposure, does not implicate the Fourth or Eighth Amendment protections recognized in *Cornwell* or *Kent*. Thus, these allegations do not support a civil rights claim.

### D.

Finally, consider Plaintiff's allegations that Defendant Watson ordered him back to the cell and threatened him with a misconduct ticket if he did not comply. ECF No. 1 at PageID.3. Allegations of verbal abuse or harassment by a prison official, standing alone, do not amount to cruel and unusual punishment under the Eighth Amendment and therefore cannot sustain a claim under 42 U.S.C. § 1983. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *Davis v. Mich. Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). In other words, the Constitution does not protect inmates from every unkind word or idle threat.

Plaintiff's allegations concerning Defendant Watson's comments do not pose constitutional concerns. At most, his allegation that Defendant Watson threatened to issue a misconduct ticket—where no such ticket was ever issued—reflects an unfulfilled verbal threat, which does not constitute cruel and unusual punishment under the Eighth Amendment. Thus, these allegations do not support a viable civil rights claim.

In sum, none of Plaintiff's allegations support a viable claim. As a result, his Complaint does not withstand IFP screening. So Plaintiff's Complaint, ECF No. 1, will be summarily dismissed.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's ability to proceed *in forma pauperis* on appeal is **DENIED.**

**This is a final order and closes this case.**

Dated: October 20, 2025                                   s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge